# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WILFRIDO FLOREZ-MONTANO,

    Petitioner,

v.                                        CASE NO. 8:09-CV-1857-T-30EAJ
                                            CRIM. CASE NO. 8:02-CR-228-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Before the Court are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 challenging his 2002 convictions for conspiracy to possess with intent to distribute 5 or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States (Count Two), and possession with the intent to distribute 5 or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States (Count One)  (CV Dkt. 1), and Petitioner's "Response of Order to Show Cause" in which Petitioner asserts his § 2255 motion should not be dismissed as time barred (CV Dkt. 5).[1]  Upon consideration, the Court concludes that Petitioner's 28 U.S.C. § 2255 motion is time barred, and Petitioner has not established a basis for equitable tolling.

## Background

Petitioner and eight co-defendants were indicted May 29, 2002, on one count of possession with intent to distribute 5 kilograms or more of cocaine on board a vessel in

---

[1] On September 22, 2009, the Court ordered Petitioner to show cause why his § 2255 motion should not be dismissed as time-barred (See Dkt. 4).

violation of 46 U.S.C. App. §§1903(a) and 1903(g), and 21 U.S.C. §841(b)(1)(A)(ii) (Count One); and one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine on board a vessel in violation of 46 U.S.C. App. §§1903(a), 1903(g) and 1903(j), and 21 U.S.C. §841(b)(1)(A)(ii) (Count Two) (CR Dkt. 1). A jury found Petitioner and his co-defendants guilty on both counts on October 1, 2002 (CR Dkt. 92). On February 23, 2003, the District Court vacated Petitioner's and some of his co-defendants' 121-month sentences and imposed 292-month sentences (CR Dkt. 170).

Petitioner and all his co-defendants timely appealed to the Court of Appeals for the Eleventh Circuit. On March 4, 2004, the Court of Appeals upheld all the defendants' convictions as well as Petitioner's sentence, but vacated the sentences of four of his codefendants and ordered the District Court to re-impose the 121-month sentences. *United States v. Estrada-Tello*, 99 Fed. Appx. 879 (11th Cir. 2004). Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court. Therefore, his judgment of conviction became final ninety days later on June 2, 2004. *Kaufmann v. United States*, 282 F.3d 1336 (11th Cir. 2002) (conviction becomes final for purposes of 28 U.S.C. §2255 after expiration of ninety-day period for seeking certiorari).

On September 23, 2004, Petitioner filed a motion in the District Court requesting four trial documents (CR Dkt. 269). On January 31, 2005, he filed a motion requesting the sentencing transcripts (CR Dkt. 273). On February 16, 2005, the District Court denied both motions because Petitioner did not have a § 2255 motion pending and did not plead sufficient facts showing need for the documents, and because the documents were available from Petitioner's appellate counsel (CR Dkt. 275). On April 28, 2006, Petitioner filed a motion in

the District Court to obtain transcripts at the expense of the United States and to extend time to file a petition of habeas corpus pursuant to 28 U.S.C. §2255 (CR Dkt. 291). The District Court denied the motion on May 2, 2006 (CR Dkt. 292). On January 30, 2007, the District Court denied Petitioner's motion to reopen the case (CR Dkt. 298).

Petitioner filed the instant motion on September 10, 2009 (CV Dkt. 1), more than four years after his one year limitation period expired.

## Discussion

The AEDPA "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:"

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(1)-(4)).

Petitioner had until June 2, 2005, to file a timely § 2255 motion, but filed the instant § 2255 motion on September 10, 2009, well after the one year limitation period expired. The § 2255 motion is therefore time barred and subject to dismissal unless Petitioner can show

that he was prevented from filing a timely petition because of extraordinary circumstances that were both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)(Equitable tolling appropriate when movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.). The burden of establishing entitlement to this extraordinary remedy plainly rests with the Petitioner. *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002), *cert. denied*, 537 U.S. 1237 (2003).

Here, it appears Petitioner asserts that he is entitled to equitable tolling because of his attorney's negligence and failure to communicate with him. In *Miller v. Florida*, 307 Fed. Appx. 366, 368 (11th Cir. 2009)(unpublished opinion), the Eleventh Circuit Court of Appeals stated:

> To obtain equitable tolling -- "an extraordinary remedy that must be applied sparingly" -- an Appellant carries the burden of showing that he was diligent in his efforts to file timely and that extraordinary and unavoidable circumstances prevented the Appellant from filing timely. *See Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008). "A truly extreme case is required." Id.

Petitioner wholly fails to allege or establish extraordinary and unavoidable circumstances that prevented him from timely filing his § 2255 motion. Petitioner asserts that on September 23, 2004, and January 31, 2005, he filed requests with this Court for transcripts of his criminal proceedings (CV Dkt. 5 at 2). He asserts that when this Court denied his requests for the records on February 16, 2005, that he "was led to believe that assigned counsel was preparing said [§ 2255] motion. After repeated requests over time, Petitioner did not receive any information from counsel and on April 28, 2006, asked the

Court for the appropriate extension of time to file a petition for habeas corpus pursuant to 28 U.S.C. § 2255." (Id.). Petitioner argues that he "is not an attorney and believed he was being represented by one. The Court should not prejudice Petitioner by counsel that was clearly ineffective." (Id.).

Initially, to the extent Petitioner attributes his failure to timely file his § 2255 motion to his attorney's alleged negligence, attorney negligence does not support equitable tolling. *See Holland v. Florida*, 539 F.3d at 1339; *Steed v. Head*, 219 F. 3d 1298 (11th Cir. 2000). Instead, "[t]here must be 'an allegation and proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part' in order for a court to find there was such egregious attorney misconduct that a petitioner is entitled to equitable tolling." *Melson v. Allen*, 548 F.3d 993, 1001 (11th Cir. 2008)(quoting *Holland*, 539 F.3d at 1339). Petitioner does not allege that his attorney acted in bad faith, was dishonest, had a divided loyalty, or was mentally impaired. "Even when combined with his attorneys' alleged failure to communicate about the status of his case, no egregious misconduct has been shown." *Melson*, 548 F. 3d at 1001. Furthermore, Petitioner wholly fails to demonstrate he diligently pursued his rights.

Moreover, Petitioner's claim that on February 16, 2005, when this Court denied his motions for records, he "was led to believe that assigned counsel was preparing [the § 2255] motion" is belied by the record. In his September 21, 2004 Motion Requesting Production of Transcripts, Petitioner stated in pertinent part that he needed the documents to "[p]roperly prepare and effectively litigate issues via a post-conviction relief motion (§ 2255)." (CR Dkt. 269). In his January 31, 2005 Motion Requesting Sentencing Transcripts, Petitioner stated

5

in pertinent part that "I am preparing *myself*, to collaterally attack the court's decision filing a 2255 motion..." (CR Dkt. 273)(emphasis added). Consequently, it is apparent from Petitioner's own statements and filings that he did not believe counsel was preparing a § 2255 motion on his behalf.

In sum, even accepting Petitioner's explanations for why he did not timely file as true, he has not demonstrated any extraordinary circumstances that were "unavoidable even with diligence." *United States v. Scott*, 294 Fed. Appx. 603, 607 (11th Cir. 2008)(unpublished opinion).

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's § 2255 motion to vacate (CV Dkt. 1) is **DISMISSED** as time barred.

2. The Clerk is directed to terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 27, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copies furnished to:
Petitioner *pro se*
Counsel of Record

6